IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS HOLLAND<br>5628 North 10th Street<br>2nd Floor<br>Philadelphia, PA 19141 | x Civil Action No.:<br>:<br>:<br>: |
| Plaintiff,<br>v. | :<br>:<br>: |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br>1234 Market Street, 5th Floor<br>Philadelphia, PA 19107 | :<br>:<br>:<br>: |
| and | :<br>: |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK<br>30th Street Station, Box #26<br>Philadelphia, PA 19104 | :<br>:<br>:<br>: |
| and | :<br>: |
| DELAWARE TRANSIT CORPORATION<br>d/b/a DART<br>P.O. Box 778, 800 Bay Road<br>Dover, DE 19903 | :<br>:<br>:<br>: |
| Defendants. | x |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a), defendant National Railroad Passenger Corporation ("Amtrak") hereby removes to the United States District Court for the Eastern District of Pennsylvania the case captioned Louis Holland v. Southeastern Pennsylvania Transportation Authority, National Railroad Passenger Corporation d/b/a Amtrak and Delaware Transit

<u>Corporation d/b/a DART</u>, June Term, 2013, No. 1703, Philadelphia County Court of Common Pleas, and as grounds for removal states as follows:

1.   Amtrak has been named as a defendant in an action now pending in the Court of Common Pleas, Philadelphia County, June Term 2013, No. 1703.

2.   The above-referenced action was commenced by the filing of a Complaint on June 12, 2013.   (<u>See</u> Complaint at Exhibit A).

3.   Amtrak first received a copy of the Complaint when it was delivered to Amtrak's Philadelphia claims office on June 20, 2013. (<u>See</u> Exhibit A).

4.   This Notice is being filed within 30 days of receipt of the Complaint by Amtrak.

5.   The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Amtrak was created by an Act of Congress, 49 U.S.C. § 29101 <u>et seq.</u>, and more than half of its corporate stock is owned by the federal government.  <u>See</u> 28 U.S.C. § 1349.  As such, this case is removable to this Court pursuant to 28 U.S.C. § 1441(a).

6.   Pursuant to 28 U.S.C. § 1446(a), all defendants who have been served with the Complaint consent to removal of this action to this Court.

7.    Defendant   Southeastern   Pennsylvania   Transportation Authority ("SEPTA") first received a copy of the Complaint on or about June 19, 2013.

8.    SEPTA has consented to Amtrak's removal of this action to the Eastern District of Pennsylvania.  A copy of SEPTA's Consent to Removal is attached hereto as Exhibit B.

9.    The Philadelphia County docket sheet does not reflect service of the Complaint on defendant Delaware Transit Corporation d/b/a DART ("DART"), nor has anyone entered an appearance for this defendant.  (See Exhibit C).

10.   Plaintiff's counsel advised Amtrak's counsel on June 27, 2013 that they have not yet received confirmation or proof of service of the Complaint upon DART.

7.    DART's consent to removal is not required in this case because they have not yet been served with the Complaint.

8.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings served upon defendant Amtrak are attached hereto at Exhibit A.

WHEREFORE, Amtrak requests that the action described herein now pending in the Court of Common Pleas, Philadelphia County, be removed to this Court.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant
National Railroad Passenger
Corporation ("Amtrak")

BY: _____
Andrew J. Kornblau, Esq.

Dated:     June 27, 2013

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2013**

E-Filing Number: 1306019368

**001703**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>LOUIS HOLLAND | **DEFENDANT'S NAME**<br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |
| **PLAINTIFF'S ADDRESS**<br>5628 NORTH 10TH STREET, 2ND FL<br>PHILADELPHIA PA 19141 | **DEFENDANT'S ADDRESS**<br>1234 MARKET STREET, 5TH FLOOR<br>PHILADELPHIA PA 19107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>NATIONAL RAILROAD PASSENGER CORPORATION,<br>ALIAS: AMTRAK |
| **PLAINTIFF'S ADDRESS**<br>DIVISION MANAGER<br>CLAIMS SERVICES<br>JUN 20 2013 | **DEFENDANT'S ADDRESS**<br>30TH STREET STATION, BOX #26<br>PHILADELPHIA PA 19104 |
| **PLAINTIFF'S NAME**<br>PHILADELPHIA, PA | **DEFENDANT'S NAME**<br>DELAWARE TRANSIT CORPORATION, ALIAS: DART |
| **PLAINTIFF'S ADDRESS**<br>*via hand delivery*<br>*Ro* | **DEFENDANT'S ADDRESS**<br>800 BAY ROAD, P. O. BOX 778<br>DOVER DE 19903 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>JUN 12 2013<br>**J. OSTROWSKI** | YES        NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   LOUIS HOLLAND

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JAY L. SOLNICK | ADDRESS<br>SOLNICK & LEVIN LLC<br>THE PAVILION - SUITE 718<br>261 OLD YORK RD<br>JENKINTOWN PA 19046 |
|---|---|
| PHONE NUMBER<br>(215)481-9979 | FAX NUMBER<br>(215)481-9980 | |
| SUPREME COURT IDENTIFICATION NO.<br>74109 | E-MAIL ADDRESS<br>jsolnick@solnicklevin.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JAY SOLNICK | DATE SUBMITTED<br>Wednesday, June 12, 2013, 02:29 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

SOLNICK & LEVIN, LLC
BY: JAY L. SOLNICK, ESQUIRE
ATTORNEY I.D. NO. 74109
BY: JESSICA A. ALTMAN, ESQUIRE
ATTORNEY I.D. NO. 209303
THE PAVILION, SUITE 718
261 OLD YORK ROAD
JENKINTOWN, PA  19046
215-481-9979

**ATTORNEYS FOR PLAINTIFF**

**AN ASSESSMENT OF DAMAGES**
**HEARING IS REQUIRED**

---

LOUIS HOLLAND
5628 North 10th Street, 2nd Floor
Philadelphia, PA  19141

                 **Plaintiff**

    v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY
1234 Market Street, 5th Floor
Philadelphia, PA  19107
    and
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK
30th Street Station, Box #26
Philadelphia, PA  19104
    and
DELAWARE TRANSIT CORPORATION
d/b/a DART
P.O. Box 778, 800 Bay Road
Dover, DE  19903

                 **Defendants**

:   COURT OF COMMON PLEAS
:   PHILADELPHIA COUNTY
:
:
:   _____ TERM, 2013
:
:   NO. _____
:
:
:
:
:
:
:
:
:
:
:
:

---

## COMPLAINT - CIVIL ACTION
## 2S - PREMISES LIABILITY - SLIP & FALL

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
Phone: (215) 238-1701

"AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra a de su persona. Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiera que usted cumpla as las provistones de esta demanda. Usted puede dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
Servicio De Refencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 130601703

SOLNICK & LEVIN, LLC                                     ATTORNEYS FOR PLAINTIFF
BY:  JAY L. SOLNICK, ESQUIRE
ATTORNEY I.D. NO. 74109
BY:  JESSICA A. ALTMAN, ESQUIRE                          AN ASSESSMENT OF DAMAGES
ATTORNEY I.D. NO. 209303                                HEARING IS REQUIRED.
THE PAVILION, SUITE 718
261 OLD YORK ROAD
JENKINTOWN, PA  19046
215-481-9979

---

LOUIS HOLLAND                          :  COURT OF COMMON PLEAS
5628 North 10th Street, 2nd Floor      :  PHILADELPHIA COUNTY
Philadelphia, PA 19141                 :
                          Plaintiff    :
                                       :  _____ TERM, 2013
          v.                           :
                                       :  NO._____
SOUTHEASTERN PENNSYLVANIA              :
TRANSPORTATION AUTHORITY               :
1234 Market Street, 5th Floor          :
Philadelphia, PA 19107                 :
          and                          :
NATIONAL RAILROAD PASSENGER            :
CORPORATION d/b/a AMTRAK               :
30th Street Station, Box #26           :
Philadelphia, PA 19104                 :
          and                          :
DELAWARE TRANSIT                       :
CORPORATION d/b/a DART                 :
P.O. Box 778, 800 Bay Road             :
Dover, DE 19903                        :
                          Defendants   :

---

## COMPLAINT - CIVIL ACTION
## 2S - PREMISES LIABILITY - SLIP & FALL

    1.    Plaintiff, Louis Holland, is an adult who resides at the address indicated in the above caption.

    2.    Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as "Defendant SEPTA"), is a Commonwealth of Pennsylvania state agency with a principal place of business at the address indicated in the above caption.

Case ID: 130601703

3.      Defendant, National Railroad Passenger Corporation d/b/a Amtrak (hereinafter referred to as "Defendant Amtrak"), is incorporated under the District of Columbia Business Corporation Act in accordance with the provisions of the Rail Passenger Service Act of 1970 with a place of business at the address indicated in the above caption.

4.      Defendant, Delaware Transit Corporation d/b/a DART (hereinafter referred to as "Defendant DART"), is a Delaware corporation with a place of business at the address indicated in the above caption.

5.      Any acts or omissions alleged to have been committed or omitted by Defendants were committed or omitted individually by Defendants or by and through their respective agents, servants, employees, and/or contractors, acting within the course and scope of their employment and authority for and on behalf of Defendants.

6.      At all times material hereto, Defendants jointly, severally, and/or individually owned, possessed, controlled, maintained, supervised, managed, and/or otherwise were responsible for the property located at 100 South French Street in Wilmington, Delaware ("the Premises"), including the escalators.

7.      At all times material hereto, Defendants had a duty to Plaintiff and others similarly situated to maintain the Premises and its escalators in a safe condition.

8.      On or about October 24, 2011, at approximately 7:35 p.m., Plaintiff was an invitee lawfully riding an escalator upon the Premises when he was caused to slip and fall due to a dangerous and defective condition of said escalator consisting of a greasy, slimy, and/or otherwise slippery surface.

9.      Defendants either created, knew or should have known of the existence of the dangerous and defective condition of the Premises as described above.

Case ID: 130601703

10.     As a direct and proximate result of the foregoing incident and Defendants' negligence and carelessness, Plaintiff sustained painful and severe injuries including, but not limited to, fracture of teeth #8 and 9; avulsion of tooth #26; minor subluxation of teeth #23, 24, 25, and 27; minor laceration at socket of tooth #26; fracture through the distal tuft of the right fifth distal phalanx, with soft tissue swelling; and multiple facial lacerations, including lacerations to chin, lower lip, upper lip, nose, bridge of nose, and brow on the right side and laceration to maxillary vestibule.

11.     As a direct and proximate result of the foregoing incident and Defendants' negligence and carelessness, Plaintiff has endured physical and mental pain and suffering, inconvenience in Plaintiff's daily activities, and loss of life's pleasures and enjoyment, and Plaintiff may continue to endure such pain, suffering, inconvenience, and loss in the future.

12.     As a direct and proximate result of the foregoing incident and Defendants' negligence and carelessness, Plaintiff has had to undergo otherwise unnecessary medical treatment and incur expenses for medical treatment and may have to undergo additional medical treatment and incur additional medical expenses in the future.

13.     As a direct and proximate result of the foregoing incident and Defendants' negligence and carelessness, Plaintiff has suffered a loss of earnings and earning potential.

### COUNT I
### PLAINTIFF, LOUIS HOLLAND, V. DEFENDANT, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

14.     Plaintiff hereby incorporates the foregoing paragraphs as if set forth at length herein.

15.     Defendant SEPTA had a duty to maintain the Premises, including the subject escalator, in a reasonably safe condition.

16.     At all times material hereto, Defendant SEPTA either created, knew or should have known of the aforesaid dangerous and defective condition described herein.

17.     At the aforesaid time and place, Defendant SEPTA was negligent and careless as follows:

    a.  Failing to maintain the Premises in a safe condition;

    b.  Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

    c.  Failing to warn invitees and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

    d.  Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

    e.  Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

    f.  Failing to correct the dangerous and defective condition of the Premises;

    g.  Failing to assure that the Premises were designed and/or built in a condition safe for invitees and others lawfully on the Premises;

    h.  Failing to properly supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

    i.  Failing to properly maintain and repair the subject escalator; and

    j.  Allowing a dangerous and defective condition to exist on the Premises.

Case ID: 130601703

18.     As a direct and proximate result of the negligence and carelessness of Defendant SEPTA, Plaintiff sustained the injuries and damages described in paragraphs 10-13 above.

WHEREFORE, Plaintiff, Louis Holland, demands judgment against Defendant, Southeastern Pennsylvania Transportation Authority, in an amount in excess of $50,000.00, plus interest, costs of suit, and all other relief the Court deems appropriate and just.

### COUNT II
### PLAINTIFF, LOUIS HOLLAND, V. DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

19.     Plaintiff hereby incorporates the foregoing paragraphs as if set forth at length herein.

20.     Defendant Amtrak had a duty to maintain the Premises, including the subject escalator, in a reasonably safe condition.

21.     At all times material hereto, Defendant Amtrak either created, knew or should have known of the aforesaid dangerous and defective condition described herein.

22.     At the aforesaid time and place, Defendant Amtrak was negligent and careless as follows:

   a.  Failing to maintain the Premises in a safe condition;

   b.  Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

   c.  Failing to warn invitees and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

   d.  Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

Case ID: 130601703

e. Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

f. Failing to correct the dangerous and defective condition of the Premises;

g. Failing to assure that the Premises were designed and/or built in a condition safe for invitees and others lawfully on the Premises;

h. Failing to properly supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

i. Failing to properly maintain and repair the subject escalator; and

j. Allowing a dangerous and defective condition to exist on the Premises.

23.    As a direct and proximate result of the negligence and carelessness of Defendant Amtrak, Plaintiff sustained the injuries and damages described in paragraphs 10-13 above.

WHEREFORE, Plaintiff, Louis Holland, demands judgment against Defendant, National Railroad Passenger Corporation d/b/a Amtrak, in an amount in excess of $50,000.00, plus interest, costs of suit, and all other relief the Court deems appropriate and just.

## COUNT III
## PLAINTIFF, LOUIS HOLLAND, V. DEFENDANT, DELAWARE TRANSIT CORPORATION d/b/a DART

24.    Plaintiff hereby incorporates the foregoing paragraphs as if set forth at length herein.

25.    Defendant DART had a duty to maintain the Premises, including the subject escalator, in a reasonably safe condition.

26.    At all times material hereto, Defendant DART either created, knew or should have known of the aforesaid dangerous and defective condition described herein.

27.   At the aforesaid time and place, Defendant DART was negligent and careless as follows:

    a.   Failing to maintain the Premises in a safe condition;

    b.   Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

    c.   Failing to warn invitees and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

    d.   Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

    e.   Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

    f.   Failing to correct the dangerous and defective condition of the Premises;

    g.   Failing to assure that the Premises were designed and/or built in a condition safe for invitees and others lawfully on the Premises;

    h.   Failing to properly supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

    i.   Failing to properly maintain and repair the subject escalator; and

    j.   Allowing a dangerous and defective condition to exist on the Premises.

28.   As a direct and proximate result of the negligence and carelessness of Defendant DART, Plaintiff sustained the injuries and damages described in paragraphs 10-13 above.

Case ID: 130601703

WHEREFORE, Plaintiff, Louis Holland, demands judgment against Defendant, Delaware Transit Corporation d/b/a DART, in an amount in excess of $50,000.00, plus interest, costs of suit, and all other relief the Court deems appropriate and just.

SOLNICK & LEVIN, LLC

By: _____
JAY L. SOLNICK, ESQUIRE
JESSICA A. ALTMAN, ESQUIRE
Attorneys for Plaintiff

Case ID: 130601703

## VERIFICATION

I, LOUIS HOLLAND, hereby verify that I am the Plaintiff in the foregoing matter and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

LOUIS HOLLAND

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS HOLLAND | x Civil Action No.: |
| Plaintiff, | : |
| v. | : |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : |
| and | : |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK | : |
| and | : |
| DELAWARE TRANSIT CORPORATION d/b/a DART | : |
| Defendants. | x |

### CONSENT TO REMOVAL

1.    Southeastern Pennsylvania Transportation Authority has been named as a defendant in the action entitled <u>Louis Holland v. Southeastern Pennsylvania Transportation Authority, National Railroad Passenger Corporation d/b/a Amtrak and Delaware Transit Corporation d/b/a Dart</u>, now pending in the Philadelphia Court of Common Pleas, No. 001703, June 2013 Term.

2.    Southeastern Pennsylvania Transportation Authority was first served with a copy of the Complaint on or about June 19, 2013.

3.    Southeastern Pennsylvania Transportation Authority hereby consents to and joins in the removal of this action to the

548905.1 DocsNJ

United States District Court for the Eastern District of Pennsylvania.

BY: _____
Leslie G. Dias, Esq.
Attorney for Defendant
Southeastern Pennsylvania
Transportation Authority

Dated:

# EXHIBIT C

Docket Report - Not an Official Document

Page 1 of 4

# Docket Report

## Case Description

**Case ID:** 130601703
**Case Caption:** HOLLAND VS SOUTHEASTERN PENNSYLVANIA TRANSPORTATIO
**Filing Date:** Wednesday, June 12th, 2013
**Location:** CH - City Hall
**Case Type:** 2S - PREMISES LIABILTY, SLIP/FALL
**Status:** CLWCM - WAITING TO LIST CASE MGMT CONF

### Related Cases

*No related cases were found.*

### Case Event Schedule

*No case events were found.*

### Case Motions

*No case motions were found.*

### Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|-------|-------|-----------|------|-----|------|
| 1 | | | ATTORNEY FOR PLAINTIFF | A74109 | SOLNICK ESQ, JAY L |
| | | | **Aliases:** *none* | | |
| **Address:** | SOLNICK & LEVIN LLC<br>THE PAVILION - SUITE 718<br>261 OLD YORK RD<br>JENKINTOWN PA 19046<br>(215)481-9979<br>(215)481-9980 - FAX | | | | |
| 2 | 1 | | PLAINTIFF | @7486937 | HOLLAND, LOUIS |
| | | | **Aliases:** *none* | | |
| **Address:** | 5628 NORTH 10TH STREET, 2ND FL<br>PHILADELPHIA PA 19141 - | | | | |
| 3 | | | DEFENDANT | @7486938 | SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |
| | | | **Aliases:** *none* | | |
| **Address:** | 1234 MARKET STREET, 5TH FLOOR<br>PHILADELPHIA PA 19107 | | | | |
| 4 | 8 | | DEFENDANT | @7486939 | NATIONAL RAILROAD PASSENGER CORPORATION |

Docket Report - Not an Official Document

**Address:** 30TH STREET STATION, BOX #26
PHILADELPHIA PA 19104

**Aliases:** AMTRAK

| 5 | @7486940 | DELAWARE TRANSIT CORPORATION | DEFENDANT | **Aliases:** DART |

**Address:** 800 BAY ROAD, P. O. BOX 778
DOVER DE 19903

| 6 | A209303 | ALTMAN, JESSICA A | ATTORNEY FOR PLAINTIFF | **Aliases:** *none* | 1 |

**Address:** SOLNICK & LEVIN, LLC
THE PAVILION, SUITE 718
261 OLD YORK ROAD
JENKINTOWN PA 19046
(215)481-9979
(215)481-9980 - FAX

| 7 | J405 | FOX, IDEE C | TEAM LEADER | **Aliases:** *none* |

**Address:** 656 City Hall
PHILADELPHIA PA 19107
(215)686-4222

| 8 | A200485 | KORNBLAU, ANDREW J | ATTORNEY FOR DEFENDANT | **Aliases:** *none* | 8 |

**Address:** LANDMAN CORSI BALLAINE FORD PC
ONE PENN CENTER SUITE 955
1617 JFK BLVD
PHILADELPHIA PA 19103
(215)561-8540
(215)988-1215 - FAX

| 9 | A85956 | BRUNETTI, YURI J | ATTORNEY FOR DEFENDANT | **Aliases:** *none* |

**Address:** LANDMAN CORSI BALLAINE FORD PC
ONE PENN CENTER SUITE 955
1617 JFK BLVD
PHILADELPHIA PA 19103
(215)561-8540
(215)988-1215 - FAX

**Docket Entries**

Check for Threaded Docket
This feature will reduce the docket
to motion related entries only.

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 12-JUN-2013 02:29 PM | ACTIV - ACTIVE CASE | | | 12-JUN-2013 02:32 PM |
| | **Docket Entry:** E-Filing Number: 1306019368 | | | |
| 12-JUN-2013 02:29 PM | CIVIL - COMMENCEMENT OF CIVIL ACTION | SOLNICK ESQ, JAY L | | 12-JUN-2013 02:32 PM |
| | **Documents:** Final Cover | | | |
| | **Docket Entry:** *none.* | | | |
| 12-JUN-2013 02:29 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | SOLNICK ESQ, JAY L | | 12-JUN-2013 02:32 PM |
| | **Documents:** COMPLAINT.pdf | | | |
| | **Docket Entry:** COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| 12-JUN-2013 02:29 PM | SSCG3 - SHERIFF'S SURCHARGE 3 DEFTS | SOLNICK ESQ, JAY L | | 12-JUN-2013 02:32 PM |
| | **Docket Entry:** *none.* | | | |
| 12-JUN-2013 02:29 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | SOLNICK ESQ, JAY L | | 12-JUN-2013 02:32 PM |
| | **Docket Entry:** *none.* | | | |
| 19-JUN-2013 01:31 PM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | ALTMAN, JESSICA A | | 19-JUN-2013 01:50 PM |
| | **Documents:** EOA_JA.pdf | | | |
| | **Docket Entry:** ENTRY OF APPEARANCE OF AS CO-COUNSEL FILED. (FILED ON BEHALF OF LOUIS HOLLAND) | | | |
| 20-JUN-2013 03:30 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 20-JUN-2013 03:35 PM |
| | **Documents:** Affidavit of Service | | | |

| | |
|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COVERSHEET,COMPLAINT,PLAINTIFF'SFIRSTSETOFINTERROGATORIES,FIRSTREQUESTFORPRODUCTIONOFDOCUMENTS UPON NATIONAL RAILROAD PASSENGER CORPORATION BY PERSONAL SERVICE ON 06/20/2013 FILED. |

| 21-JUN-2013 12:11 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | 21-JUN-2013 12:14 PM |
|---|---|---|

**Documents:** Affidavit of Service

| | |
|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COVERSHEET, COMPLAINT, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS UPON SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY BY PERSONAL SERVICE ON 06/19/2013 FILED. |

| 27-JUN-2013 11:32 AM | ENAPP - ENTRY OF APPEARANCE FILED | KORNBLAU, ANDREW J | 27-JUN-2013 11:33 AM |
|---|---|---|---|

**Documents:** Holland Entry of Appearance of AJK.pdf
Holland Entry of Appearance of YJB.pdf

| | |
|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF YURI J BRUNETTI AND ANDREW J KORNBLAU FILED. (FILED ON BEHALF OF NATIONAL RAILROAD PASSENGER CORPORATION) |